UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| TIUN D. TODD,<br><br>　　　　　　　Petitioner,<br><br>　vs.<br><br>E. PENROSE,<br><br>　　　　　　　Respondent. | 4:25-CV-04075-KES<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

Petitioner, Tiun D. Todd, filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241. Docket 1. Magistrate Judge Duffy issued a report and recommendation to this court recommending that Todd's petition be dismissed without prejudice under Rule 12(b)(6). Docket 18. Todd timely filed his objections to the report. Docket 19. After considering Magistrate Judge Duffy's recommendation de novo and reviewing the record, this court issues the following order.

## FACTS

Magistrate Judge Duffy's report and recommendation provides a summary of the facts of this case. *See generally* Docket 18. Thus, this court provides only a brief summary incorporating Magistrate Judge Duffy's explanation of the facts. Because Magistrate Judge Duffy recommends dismissing the petition under Fed. R. Civ. P. Rule 12(b)(6), this court should primarily consider the sufficiency of Todd's pleadings as alleged in his complaint and may also consider "matters incorporated by reference or integral

to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." *Miller v. Redwood Toxicology Lab., Inc.,* 688 F.3d 928, 931 n.3 (8th Cir. 2012) (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Prac. & Proc.* § 1357 (3d ed. 2004)).

On October 4, 2024, Todd attended a community meeting as part of his participation in the Residential Drug Abuse Treatment Program (RDAP) at the Yankton Federal Prison Camp. Docket 4 at 2. At this meeting, Todd reported that "nefarious business" was occurring in the community and reported to the group that personal belongings had been stolen from his locker. *Id.* On October 7, 2024, Todd again attended an RDAP meeting and was informed by RDAP staff that he was being expelled from the program because of the allegedly aggressive and threatening nature of the statements he made at the October 4 meeting. Docket 1 at 6; Docket 4 at 2. Todd was not provided with written notice or an opportunity to formally contest the grounds for his removal from RDAP. Docket 4 at 2.

Todd now seeks a writ of habeas corpus from this court ordering the BOP to reinstate Todd's participation in the RDAP program. *Id.* at 5. In his petition, Todd raised two constitutional challenges to his expulsion from the program: (1) his expulsion violated his due process rights because he never received notice and an opportunity to respond to the allegations against him before being expelled from RDAP, and (2) his expulsion violated his equal protection rights because similarly situated prisoners were not also expelled. Docket 1 at

2

6; Docket 18 at 2. In her report and recommendation, Magistrate Judge Duffy recommended dismissing Todd's petition under Fed. R. Civ. P. 12(b)(6) because Todd did not exhaust his administrative remedies with the BOP before bringing this lawsuit. Docket 18 at 8-11. Todd objects, arguing that he should be excused from the requirement that he exhaust his administrative remedies because the BOP's alleged failure to respond to his requests by their internal deadlines effectively left those remedies unavailable. Docket 19 at 2.

## STANDARD OF REVIEW

The court's review of the magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to a magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

## DISCUSSION

### I. Administrative Exhaustion

An inmate cannot bring a § 2241 claim in federal court unless he first exhausts his administrative remedies. *See United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000) (per curiam) (concluding that the district court did not err in denying a federal prisoner's motion seeking pretrial credit against his sentence because the prisoner had not exhausted his administrative remedies);

3

*Kendrick v. Carlson*, 995 F.2d 1440, 1447 (8th Cir. 1993) (declaring federal prisoners who desire credit against a sentence must exhaust their administrative remedies before seeking habeas corpus relief). Under the Prison Litigation Reform Act (PLRA), exhaustion is not "left to the discretion of the district court, but is mandatory." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). Requiring full exhaustion of administrative remedies promotes a number of judicial and administrative benefits, including giving agencies an opportunity to correct their own mistakes and building a useful, complete record of the facts for judicial review. *See id.* at 89. Thus, a § 2241 petitioner must have acted in full accordance with the pertinent agency's procedural rules to satisfy the exhaustion requirement before bringing suit in federal court. *See id.* at 93-97 (explaining why full exhaustion, and not mere "exhaustion simpliciter" is required for § 2241 petitioners).

      In her report and recommendation, Magistrate Judge Duffy reports that Todd's petition admits that he failed to exhaust all of his administrative remedies before bringing a petition for a writ of habeas corpus in federal court under 28 U.S.C. § 2241. Docket 18 at 8; *see also* Docket 4 at 5. Todd does not dispute that he did not exhaust every administrative remedy, but claims that he could not do so because "the BOP's consistent inaction rendered the administrative remedy process unavailable." Docket 19 at 2. Specifically, Todd notes that the North Central Regional Office of the BOP failed to respond to Todd's administrative complaint by its scheduled deadline under BOP policy. *Id.* Because of this, Todd claims he only had four days between his receipt of

the regional office's response and his deadline to pursue further appeals with the Office of General Counsel for the BOP in Washington, D.C. *Id.*; *see also* 28 CFR § 542.15 (noting that following an adverse decision from the Regional Director regarding an administrative remedy with the BOP, the next step in the appeals process is to appeal "to the General Counsel within 30 calendar days of the date the Regional Director signed the response"). Todd argues that the slow response of the regional office "rendered the administrative remedy process effectively unavailable." Docket 19 at 2.

The BOP's regulations governing the timeline by which BOP officials must respond to requests for administrative remedies provide as follows:

> If accepted, a Request or Appeal is considered filed on the date it is logged into the Administrative Remedy Index as received. Once filed, response shall be made by the Warden or CCM within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days. . . . If the inmate does not receive a response within the time allotted for reply, including extension, *the inmate may consider the absence of a response to be a denial at that level.*

28 C.F.R. 542.18 (emphasis added). Because the absence of a response by the regional director is to be taken as a denial of a request, Todd had the benefit of the full fourteen days to appeal to the Office of the General Counsel starting on the date that the regional director's time to respond elapsed. Thus, based on a plain reading of BOP regulations, Todd was not forced to file an appeal with the Office of the General Counsel in only four days, as he claims. As a result, his argument that exhaustion would have been futile fails. Thus, his petition can properly be dismissed for failing to exhaust his administrative remedies before petitioning this court.

## II.     Merits of Todd's Petition

Because Todd failed to exhaust his administrative remedies, this court will not address the merits of his claim. To do so would be *dicta*.

## CONCLUSION

Because Todd did not exhaust his administrative remedies before filing his § 2241 petition, it is

ORDERED that Todd's objections to the report and recommendation (Docket 19) are overruled and Magistrate Judge Duffy's report and recommendation (Docket 18) is adopted as modified herein. It is

FURTHER ORDERED that Penrose's motion to dismiss (Docket 11) based on failure to exhaust under Rule 12(b)(6) is GRANTED. Todd's complaint and his addendum are dismissed without prejudice.

Dated March 13, 2026.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE